IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF NORTH CAROLINA
WESTERN DIVISION
No. 5:18-CR-00364-D

| | |
|---|---|
| UNITED STATES OF AMERICA ) | |
| ) | |
| ) | |
| v. ) | **ORDER** |
| ) | |
| CHARLES MCALEXANDER, ) | |
| ) | |
| Defendant. ) | |

On May 26, 2020, Charles McAlexander ("McAlexander" or "defendant") moved pro se for compassionate release under the First Step Act ("First Step Act"), Pub. L. No. 115-391, § 603(b), 132 Stat. 5194, 5238–41 (2018) (codified as amended at 18 U.S.C. § 3582) [D.E. 207]. On July 8, 2020, McAlexander, through counsel, renewed his motion for compassionate release [D.E. 216]. On July 22, 2020, the United States responded in opposition [D.E. 224]. As explained below, the court denies McAlexander's motion.

I.

On June 6, 2019, pursuant to a written plea agreement, McAlexander pleaded guilty to conspiracy to distribute and possess with the intent to distribute 100 kilograms or more of marijuana. See [D.E. 127, 129, 142]. On November 26, 2019, the court held a sentencing hearing and adopted the facts set forth in the Presentence Investigation Report ("PSR"). See [D.E. 190]; Fed. R. Crim. P. 32(i)(3)(A)–(B). The court calculated McAlexander's total offense level to be 25, his criminal history category to be I, and his advisory guideline range to be 57 to 71 months' imprisonment. See PSR [D.E. 172] ¶ 67. After granting the government's motion for a downward departure and thoroughly considering the arguments of counsel and all relevant factors under 18 U.S.C. § 3553(a),

the court sentenced McAlexander to 36 months' imprisonment. See [D.E. 193] 2. McAlexander did not appeal.

On May 26, 2020, McAlexander moved for compassionate release. See [D.E. 207]. The government opposes the motion. See [D.E. 224].

On December 21, 2018, the First Step Act went into effect. See First Step Act, 132 Stat. at 5249. Before the First Step Act, only the Director of the Bureau of Prisons ("BOP") could file a motion for compassionate release. Under the First Step Act, a sentencing court may modify a sentence of imprisonment either upon a motion of the Director of the BOP "or upon motion of the defendant after the defendant has fully exhausted all administrative rights to appeal a failure of the [BOP] to bring a motion on the defendant's behalf or the lapse of 30 days from the receipt of such a request by the warden of the defendant's facility, whichever is earlier." 18 U.S.C. § 3582(c)(1)(A).

After a defendant meets the exhaustion requirement, a defendant must (1) demonstrate "extraordinary and compelling reasons" for a sentence reduction, or (2) be at least 70 years old, have served at least 30 years in prison, and have the Director of the BOP determine "that the defendant is not a danger to the safety of any other person or the community." Id. In deciding to reduce a sentence under section 3582(c)(1)(A), a court must consult the sentencing factors in 18 U.S.C. § 3553(a) and must ensure that a sentence reduction is "consistent with applicable policy statements issued by the" United States Sentencing Commission (the "Commission"). Id.

The Commission policy statements include U.S.S.G. § 1B1.13. Section 1B1.13 essentially parrots section 3582(c)(1)(A)'s requirements and adds that the defendant not be "a danger to the safety of any other person or to the community." U.S.S.G. § 1B1.13(2). Section 1B1.13's application notes provide examples of extraordinary and compelling reasons, including: (A) serious medical conditions of the defendant, (B) advanced age of the defendant when coupled with "a

2

serious deterioration in physical and mental health" due to aging and having served at least 10 years or 75% of his or her imprisonment term (whichever is less), (C) family circumstances, or (D) another extraordinary and compelling reason. U.S.S.G. § 1B1.13 cmt. n.1.[1] Application note 2 states that

---

[1] Application note 1 to U.S.S.G. § 1B1.13 states in full:

1. Extraordinary and Compelling Reasons.—Provided the defendant meets the requirements of subdivision (2), extraordinary and compelling reasons exist under any of the circumstances set forth below:

    (A) Medical Condition of the Defendant.—

    (i) The defendant is suffering from a terminal illness (i.e., a serious and advanced illness with an end of life trajectory). A specific prognosis of life expectancy (i.e., a probability of death within a specific time period) is not required. Examples include metastatic solid-tumor cancer, amyotrophic lateral sclerosis (ALS), end-stage organ disease, and advanced dementia.

    (ii) The defendant is—

    (I) suffering from a serious physical or medical condition,

    (II) suffering from a serious functional or cognitive impairment, or

    (III) experiencing deteriorating physical or mental health because of the aging process,

    that substantially diminishes the ability of the defendant to provide self-care within the environment of a correctional facility and from which he or she is not expected to recover.

    (B) Age of the Defendant.—The defendant (i) is at least 65 years old; (ii) is experiencing a serious deterioration in physical or mental health because of the aging process; and (iii) has served at least 10 years or 75 percent of his or her term of imprisonment, whichever is less.

    (C) Family Circumstances.—

    (i) The death or incapacitation of the caregiver of the defendant's minor child or minor children.

3

"an extraordinary and compelling reason need not have been unforeseen at the time of sentencing in order to warrant a reduction in the term of imprisonment." U.S.S.G. § 1B1.13 cmt. n.2. Thus, "the fact that an extraordinary and compelling reason reasonably could have been known or anticipated by the sentencing court does not preclude consideration for a reduction under this policy statement." Id. Application note 3 states, "Pursuant to 28 U.S.C. § 994(t), rehabilitation of the defendant is not, by itself, an extraordinary and compelling reason for purposes of this policy statement." U.S.S.G. § 1B1.13 cmt. n.3.

The Commission has lacked a quorum since Congress enacted the First Step Act and has not updated U.S.S.G. § 1B1.13 to account for the First Step Act. Accordingly, section 1B1.13 does not provide a policy where an inmate files a motion for a sentence reduction under 18 U.S.C. § 3582(c)(1)(A). See, e.g., United States v. High, 997 F.3d 181, 186 (4th Cir. 2021); United States v. Kibble, 992 F.3d 326, 330–31 (4th Cir. 2021), cert. denied, No. 21-5624, 2021 WL 4733616 (U.S. Oct. 12, 2021); United States v. McCoy, 981 F.3d 271, 280–84 (4th Cir. 2020). Rather, "U.S.S.G. § 1B1.13 only applies when a request for compassionate release is made upon motion of the Director of the [BOP]." Kibble, 992 F.3d at 330–31 (cleaned up). Nevertheless, section 1B1.13 provides informative policy when assessing an inmate's motion, but a court independently determines whether "extraordinary and compelling reasons" warrant a sentence reduction under 18 U.S.C. §

---

> (ii) The incapacitation of the defendant's spouse or registered partner when the defendant would be the only available caregiver for the spouse or registered partner.
>
> (D) Other Reasons.—As determined by the Director of the Bureau of Prisons, there exists in the defendant's case an extraordinary and compelling reason other than, or in combination with, the reasons described in subdivisions (A) through (C).

U.S.S.G. § 1B1.13 cmt. n.1 (emphasis omitted).

3582(c)(1)(A)(i). See High, 997 F.3d at 186; McCoy, 981 F.3d at 283–84. In doing so, the court consults not only U.S.S.G. § 1B1.13, but also the text of 18 U.S.C. § 3582(c)(1)(A) and the section 3553(a) factors. See, e.g., McCoy, 981 F.3d at 280–84; United States v. Jones, 980 F.3d 1098, 1101–03 (6th Cir. 2020); United States v. Gunn, 980 F.3d 1178, 1180–81 (7th Cir. 2020); United States v. Ruffin, 978 F.3d 1000, 1007–09 (6th Cir. 2020); United States v. Brooker, 976 F.3d 228, 237–38 (2d Cir. 2020); United States v. Clark, No. 1:09cr336-1, 2020 WL 1874140, at *2 (M.D.N.C. Apr. 15, 2020) (unpublished).

McAlexander seeks compassionate release. See [D.E. 207, 216]. McAlexander contends he exhausted his administrative remedies before filing this motion for compassionate release. See [D.E. 216] 3. The government contends McAlexander failed to exhaust his administrative remedies and seeks dismissal of McAlexander's motion. See [D.E. 224] 11–12; [D.E. 253-1]. McAlexander emailed the warden at FCI Butner requesting compassionate release and renewed his request in a handwritten letter. See [D.E. 254-1, 254-2]. McAlexander's unit manager denied his request. See [D.E. 254-3]. Accordingly, the court assumes McAlexander exhausted his administrative remedies and addresses his motion on the merits.

McAlexander seeks compassionate release pursuant to section 3582(c)(1)(A). In support, McAlexander cites the COVID-19 pandemic, his age (69), his health conditions (diabetes, obesity, high blood pressure, high cholesterol, hearing loss, and enlarged prostate), and his supportive family. See [D.E. 207, 216]. The "medical condition of the defendant" policy statement requires that the defendant be "suffering from a serious physical or medical condition . . . that substantially diminishes the ability of the defendant to provide self-care within the environment of a correctional facility and from which he or she is not expected to recover." U.S.S.G. § 1B1.13 cmt. n.1(A)(ii). McAlexander argues that his diabetes, obesity, high blood pressure, high cholesterol, hearing loss,

5

and enlarged prostate make him more likely to contract COVID-19. See [D.E. 207] 2; [D.E. 216] 4. McAlexander does not argue that he is unable to manage his health conditions while incarcerated or that the BOP is not giving him proper treatment. Cf. [D.E. 207, 216]. In fact, the BOP determined that McAlexander "ha[s] not been identified . . . as being at an increased medical risk." [D.E. 254-1]. Moreover, McAlexander has not advised the court whether he is vaccinated against COVID-19, but McAlexander is proactive about avoiding exposure to the virus when possible. See [D.E. 207] 3. The wide availability of COVID-19 vaccines reduces the weight of McAlexander's arguments regarding COVID-19 and his health conditions. Cf. United States v. Broadfield, 5 F.4th 801, 803 (7th Cir. 2021) ("for the vast majority of prisoners, the availability of a vaccine makes it impossible to conclude that the risk of COVID-19 is an 'extraordinary and compelling' reason for immediate release."). And McAlexander makes no medical or other argument for why he is unable to receive the COVID-19 vaccine if he has not received it already. Accordingly, reducing McAlexander's sentence is not consistent with application note 1(A). See 18 U.S.C. § 3582(c)(1)(A).

Under the "age of the defendant" policy statement, compassionate release may be warranted if the defendant is at least 65 years old, has seriously deteriorating physical or mental health due to aging, and "has served at least 10 years or 75 percent of his" sentence. U.S.S.G. § 1B1.13 cmt. n.1(B). McAlexander is 69 years old. See [D.E. 207] 2; [D.E. 216] 4. Even if McAlexander has served 75 percent of his sentence at this point, see [D.E. 193]; cf. [D.E. 207] 3; [D.E. 224] 15, McAlexander does not argue that he has seriously deteriorating physical or mental health due to aging. Accordingly, reducing McAlexander's sentence is not consistent with application note 1(B). See 18 U.S.C. § 3582(c)(1)(A).

As for the "other reasons" policy statement, the court assumes without deciding that the

6

COVID-19 pandemic and McAlexander's diabetes, obesity, high blood pressure, high cholesterol, hearing loss, and enlarged prostate are extraordinary and compelling reasons under section 3582(c)(1)(A). Cf. United States v. Raia, 954 F.3d 594, 597 (3d Cir. 2020) ("[T]he mere existence of COVID-19 in society and the possibility that it may spread to a particular prison alone cannot independently justify compassionate release, especially considering BOP's statutory role, and its extensive and professional efforts to curtail the virus's spread."). At the same time, the wide availability of COVID-19 vaccines greatly diminishes the weight of that assumption. Cf. Broadfield, 5 F.4th at 803. Regardless, the section 3553(a) factors counsel against reducing McAlexander's sentence. See High, 997 F.3d at 187–91; Kibble, 992 F.3d at 331–32; United States v. Chambliss, 948 F.3d 691, 693–94 (5th Cir. 2020); Clark, 2020 WL 1874140, at *3–8.

McAlexander is 69 years old and is incarcerated for conspiracy to distribute and possess with the intent to distribute 100 kilograms or more of marijuana. See id. PSR ¶¶ 1–9. McAlexander had a low criminal history score at sentencing, but he did have a prior felony for making a false statement on a loan application. See id. ¶ 34. McAlexander has tended to perform well on supervision. See id. And McAlexander has completed some educational courses while incarcerated. See [D.E. 216] 4. McAlexander's likelihood of recidivism is lower due to his age, but he also committed a serious federal narcotics offense at an age inconsistent with relevant recidivism statistics.

The court also has considered McAlexander's rehabilitation efforts, potential exposure to COVID-19, medical conditions, and release plan. Cf. Pepper v. United States, 562 U.S. 476, 480–81 (2011); High, 997 F.3d at 187–91; United States v. McDonald, 986 F.3d 402, 412 (4th Cir. 2021); United States v. Martin, 916 F.3d 389, 398 (4th Cir. 2019). The court also recognizes McAlexander has a supportive wife. See [D.E. 216] 4. Having considered the entire record, the steps that the BOP has taken to address COVID-19 and to treat McAlexander, the section 3553(a) factors,

7

McAlexander's arguments, the government's persuasive response, and the need to punish McAlexander for his serious criminal behavior, to incapacitate McAlexander, to promote respect for the law, to deter others, and to protect society, the court denies McAlexander's motion for compassionate release. See, e.g., Chavez-Meza v. United States, 138 S. Ct. 1959, 1966–68 (2018); Ruffin, 978 F.3d at 1008–09; Chambliss, 948 F.3d at 693–94; United States v. Hill, No. 4:13-CR-28-BR, 2020 WL 205515, at *2 (E.D.N.C. Jan. 13, 2020) (unpublished), aff'd, 809 F. App'x 161 (4th Cir. 2020) (per curiam) (unpublished).

As for McAlexander's request for home confinement, see [D.E. 207] 1; [D.E. 216] 2–5, McAlexander seeks relief under the CARES Act. The CARES Act does not provide this court with the authority to grant home confinement. See United States v. Brummett, No. 20-5626, 2020 WL 5525871, at *2 (6th Cir. Aug. 19, 2020) (unpublished) ("[T]he authority to grant home confinement remains solely with the Attorney General and the BOP."); United States v. McCoy, No. 3:19-CR-35-KDB-DCK, 2020 WL 5535020, at *1–2 (W.D.N.C. Sept. 15, 2020) (unpublished); United States v. Gray, No. 4:12-CR-54-FL-1, 2020 WL 1943476, at *3 (E.D.N.C. Apr. 22, 2020) (unpublished). To the extent McAlexander requests that the court merely recommend home confinement to the BOP, the court declines. Thus, the court dismisses McAlexander's request for home confinement.

II.

In sum, the court DENIES defendant's motions for compassionate release [D.E. 207, 216] and DISMISSES his request for home confinement.

SO ORDERED. This 15 day of October, 2021.

JAMES C. DEVER III
United States District Judge

8

Case 5:18-cr-00364-D  Document 278  Filed 10/15/21  Page 8 of 8